UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SONYA WOLF and NICHOLAS H., a Minor, by and through his Guardian Ad Litem ROGER CRAIG,

    Plaintiffs,

  v.

COUNTY OF SAN JOAQUIN, GERARDO FLORES, individually and as an employee of the County of San Joaquin; CAROL CABRAL individually and as an employee of the County of San Joaquin; MELISSA TORRES, individually and as an employee of the County of San Joaquin; RONALD BROWN, individually and as an employee of the County of San Joaquin; and Does 1-10 inclusive;

    Defendants.

NO. CIV. S-06-0050 WBS KJM

MEMORANDUM AND ORDER RE: MOTION TO DISMISS

----oo0oo----

Plaintiffs Sonya Wolf and Nicholas H. allege several causes of action against defendants, including violation of plaintiffs' constitutional rights, actionable under 42 U.S.C. §

1

1983 and California Civil Code § 52.1, false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress. (Compl.)  Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants County of San Joaquin, Gerardo Flores, Carol Cabral, Melissa Torres, and Ronald Brown now move for dismissal of plaintiffs' state law claims. Because the named defendants are entitled to immunity under state law, the court concludes that the state law claims against all defendants should be dismissed.

I.  Factual and Procedural Background

On January 7, 2005, acting on an anonymous tip, defendants Cabral, Torres, Flores, and Brown visited plaintiffs' home to conduct a "safety check" on the family. (Compl. ¶¶ 16-17, 25.)  Specifically, defendants sought to ascertain whether plaintiffs had food and basic utilities. (Id. ¶¶ 17-18.) Defendants did not, however, have a warrant for the desired inspection. (Id. ¶ 24.)

Plaintiff Wolf initially refused to let defendants into her home. (Id. ¶ 18.)  However, she offered to display evidence of the family's food supply in the window. (Id.)  She also pointed out to defendants that they could verify that she had running water and electricity without entering her home by testing external water and light fixtures. (Id.)  She further offered to flush the toilet so that defendants could hear that it worked. (Id. ¶ 22.)  The complaint also states that defendant Torres was well aware that Wolf relied, at least in part, on her fireplace for heat and maintained an ample supply of firewood outside the house. (Id. ¶ 21.)

2

These offerings failed to satisfy defendants, who continued to insist that Wolf let them in.  Plaintiffs allege that defendants eventually "threatened in a loud and demanding voice[] to break down the door" and claimed to have obtained the authority to do so.  (Id. ¶ 22.)  In light of defendants' ultimatum, Wolf relented and opened the door "against her wishes . . . ."  (Id. ¶ 24.)

Once inside the home, defendants proceeded to make several demands of Wolf.  They required her to demonstrate that various utilities were operational, to show them her food supply, and to prove, through a display of the contents of her wallet, that she had sufficient funds to procure additional food.  (Id. ¶¶ 26-27.)  Defendants next attempted to question Wolf's children about their family life over Wolf's express objections.  (Id. ¶¶ 25, 28.)  After they had completed this interrogation, defendants left without taking further action.

Plaintiffs Wolf and Nicholas H. subsequently filed this suit, which alleges four causes of action based on 42 U.S.C. § 1983: violation of plaintiffs' Fourth Amendment right to be free of (1) warrantless home invasions and (2) warrantless home searches; (3) violation of Wolf's First[1] and Fourth Amendment rights to be free of a warrantless search of her purse and coerced revelation of the state of her personal finances; and (4) violation of Nicholas' Fourth Amendment right to be free of in-home warrantless seizure (detention for questioning).  (Id. ¶¶ 35-43.)  Wolf also raises state law claims based on California

---

[1] The legal basis for any claim under the First Amendment is unclear, but defendants have not moved to dismiss it.

3

1  Civil Code § 52.1, false imprisonment, intentional infliction of
2  emotional distress, and negligent infliction of emotional
3  distress.  (Id. ¶¶ 15, 44-55.)  Plaintiffs seek both compensatory
4  and exemplary/punitive damages as well as an award of costs and
5  attorneys' fees.  (Id. (Prayer for Relief).)  By this motion and
6  based on statutory immunity for government officials, defendants
7  County of San Joaquin, Flores, Cabral, Torres, and Brown move to
8  dismiss plaintiffs' claims based on alleged violations of state
9  law.
10 II.  Discussion
11     A.  Legal Standard
12         On a motion to dismiss, the court must accept the
13 allegations in the complaint as true and draw all reasonable
14 inferences in favor of the pleader.  Scheuer v. Rhodes, 416 U.S.
15 232, 236 (1974); Cruz v. Beto, 405 U.S. 319 (1972).  The court
16 may not dismiss for failure to state a claim unless "it appears
17 beyond doubt that plaintiff can prove no set of facts in support
18 of his claim which would entitle him to relief."  Van Buskirk v.
19 CNN, Inc., 284 F.3d 977, 980 (9th Cir. 2002).  Dismissal is
20 appropriate, however, where the pleader fails to allege facts
21 that support a cognizable legal theory.  Balistreri v. Pacifica
22 Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988); see also Conley
23 v. Gibson, 355 U.S. 41, 47 (1957) (complaint must "give the
24 defendant fair notice of what the plaintiff's claim is and the
25 grounds upon which it rests").
26     B.  Section 821.6 Immunity
27         Under California law, "[a] public employee is not
28 liable for injury caused by his instituting or prosecuting any

4

judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov. Code § 821.6. This immunity also covers the investigatory stage of judicial proceedings. Amylou R. v. County of Riverside, 28 Cal. App. 4th 1205, 1209-11 (1994) (holding that "investigation is part of the prosecution of a judicial proceeding" and applying § 821.6 to an arguably abusive investigation of a witness to a crime where officers entered the witness' house uninvited to interview her). Additionally, by operation of § 815.2(b), the county enjoys derivative immunity. Cal. Gov. Code § 815.2(b) ("[A] public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."); see also Robinson v. Solano County, 278 F.3d 1007, 1016 (9th Cir. 2002) ("California . . . has rejected the Monell rule and imposes liability on counties under the doctrine of respondeat superior for acts of county employees; it grants immunity to counties only where the public employee would also be immune.").

Section 821.6 provides a sweeping immunity for "any injury caused by the prosecution of the judicial proceeding . . . ." Amylou R., 28 Cal. App. 4th at 1211 (emphasis added); see also Rosenthal v. Vogt, 229 Cal. App. 3d 69, 75 (1991) ("Government Code section 821.6 extends to the pursuit of proceedings within the scope of the employee's assigned employment; the immunity is not limited to activities lawfully performed."). As the California courts have observed, the legislature provided such broad protection to encourage public employees to fearlessly enforce their duties. See Amylou R., 28

5

1  Cal. App. 4th at 1213 ("[I]n the end [it is] better to leave
2  unredressed the wrongs done by dishonest officers than to subject
3  those who try to do their duty to the constant dread of
4  retaliation." (quoting Hardy v. Vial, 48 Cal. 2d 577, 583
5  (1957))); Novoa v. County of Ventura, 133 Cal. App. 3d 137, 143
6  (1982).
7       However, as plaintiffs point out, the legislature
8  reigned in this immunity, at least with respect to child abuse
9  investigations, when it enacted California Government Code §
10 820.21. See Comm. Rep., A.B. 1355, Reg. Sess. (Cal. 1995)
11 (commenting that this provision was designed to provide an
12 "effective check upon the arbitrary power or absolute immunity of
13 social workers"). In pertinent part, this section provides that
14 public officials who initiate or conduct child welfare
15 investigations are not cloaked with immunity for "conduct that
16 includes perjury, fabrication of evidence, failure to disclose
17 exculpatory evidence and obtaining testimony by duress [or undue
18 influence], if committed with malice." Parkes v. County of San
19 Diego, 345 F. Supp. 2d 1071, 1082 (S.D. Cal. 2004); see also Cal.
20 Gov. Code § 820.21.
21      In another case related to the one now before the
22 court, Wolf v. County of San Joaquin, No. CIV. S-06-0047, 2006 WL
23 1153755, at *6 (E.D. Cal. Apr. 28, 2006), this court applied the
24 immunity exception in § 820.21 to deny defendants' motion to
25 dismiss. However, in contrast to that action, plaintiffs here
26 have not alleged any conduct that would bring defendants' actions
27 within the scope of § 820.21. Plaintiffs simply argue without
28 explanation that they "have alleged that the defendants engaged

6

in a pattern of conduct which surely falls within each and every one of the Civil Code Sections set forth in G.C. 820.21." (Pls.' Opp'n to Mot. to Dismiss 9.) Yet the complaint is completely devoid of any allegations of perjury, fabrication of evidence, or failure to disclose exculpatory evidence. Additionally, plaintiffs have not described any <u>testimony</u> obtained from plaintiff Wolf by duress or undue influence.[2] Consequently, the court cannot apply California Government Code § 820.21 to this case.

III. <u>Conclusion</u>

Pursuant to the sweeping immunity provided in § 821.6 and the derivative immunity afforded to the county in § 815.2(b), the court will dismiss plaintiffs' state law claims.[3] Furthermore, because the court concludes that § 821.6 immunity bars plaintiffs' state law causes of action, it need not address defendants' other immunity arguments and contentions that plaintiffs failed to exhaust their administrative remedies with respect to certain defendants.

///

---

[2] To the extent that plaintiffs believe "testimony" was obtained from plaintiff Nicholas H. by duress or undue influence, the court notes that the state law claims are not asserted by this plaintiff. (<u>See</u> Compl. ¶ 15 ("NICHOLAS makes no claims against defendants based on state law herein.").)

[3] Although plaintiffs have clearly alleged violations of their federal constitutional rights by local government officials, states are not <u>required</u> to provide citizens with civil statutory remedies for such violations. Unless states elect to provide additional remedies, plaintiffs are limited to the relief available under 42 U.S.C. § 1983. <u>See</u> <u>Gensburg v. Miller</u>, 31 Cal. App. 4th 512, 518-19 (1994) (recognizing that § 1983 claims might still be viable even when "any state or common law causes of action [were] barred by section 821.6").

7

1  IT IS THEREFORE ORDERED that defendants' motion to
2 dismiss plaintiffs' fifth, sixth, seventh, and eighth claims be,
3 and the same hereby is, GRANTED.
4 DATED: July 5, 2006

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE